IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DAMON J. CLAIBORNE,**　　　　　　　　　　3:15-cv-01192-BR

　　　　Plaintiff,　　　　　　　　　　　　OPINION AND ORDER

v.

**SECRETARY OF THE ARMY,**

　　　　Defendant.

**LISA D. WRIGHT**
P.O. Box 13
Salem, OR 97308
(503) 589-1817

**JOHN N. MAHER**
17101 71st Street
Tinley Park, IL 60477
(312) 804-991

　　　　Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JAMES E. COX, JR.**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204
(503) 727-1000

　　　　Attorneys for Defendant

**BROWN, Senior Judge.**

This matter comes before the Court on Plaintiff's Amended Motion (#48) for Limited Discovery and to Supplement the Administrative Record. For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

## BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint and the parties' filings related to Plaintiff's Amended Motion for Limited Discovery, including the materials filed by the parties related to Plaintiff's Motion for Temporary Restraining Order that are incorporated by reference in the record currently before the Court. The following facts are undisputed unless otherwise noted.

Plaintiff Damon J. Claiborne was a Staff Sergeant (SSG) on active duty in the United States Army currently assigned to Joint Base Lewis-McChord (JBLM), Washington.

On November 12, 2004, Plaintiff was charged in Kitsap County, Washington, with one count of Child Molestation in the Second Degree. Plaintiff submitted an *Alford* plea and was sentenced to 15-months imprisonment. Plaintiff's status with the Army was changed from "present for duty" to "civilian confinement" from October 28, 2004, to January 5, 2006.

On January 6, 2006, Plaintiff's status was changed to

2 - OPINION AND ORDER

"present for duty," and Plaintiff reported to his unit. As a result of the state-court conviction, the Army initiated involuntary separation proceedings against Plaintiff on February 9, 2006, under the provisions of Army Regulation 635-200, chapter 14-5, Active Duty Enlisted Administrative Separations, ¶ 14-5, Conviction by Civil Court.

On May 10, 2006, the Acting Commander, I Corps and Fort Lewis, reviewed the recommendation to discharge Plaintiff pursuant to Army Regulation 635-200. The Acting Commander suspended execution of the discharge for 12 months pursuant to Army Regulation 635-200, ¶ 1-18.

At some point the suspended discharge was cancelled after Plaintiff's successful completion of the probation period pursuant to Army Regulation 635-200, ¶ 1-18b, and Plaintiff was retained by the Army.

On June 25, 2008, Plaintiff reenlisted in the Army for a period of four years. On October 1, 2010, Plaintiff reenlisted again for a period of five years.

On March 25, 2011, Plaintiff was determined to be eligible under the Military Retirement Reform Act to elect either a one-time career status bonus and remain under the REDUX retired pay system or to retire under the "High-3" retirement system. Plaintiff elected the one-time career status bonus, which required Plaintiff to agree to stay in the Army until he had a

minimum of 20 years active service.

On November 7, 2013, the Secretary of the Army issued Army Directive 2013-21, which provided in pertinent part:

> Commanders will initiate the administrative separation of any Soldier convicted of a sex offense . . . whose conviction did not result in a punitive discharge or dismissal. This policy applies to all personnel currently in the Army, regardless of when the conviction for a sex offense occurred and regardless of component of membership and current status in that component.

Army Directive 2013-21(3).

At some point Plaintiff requested voluntary retirement from the Army "upon completion of 20 years of active Federal service." AR00013.[1]

On January 6, 2014, Plaintiff's request for retirement was approved. Army Installation Management Command Orders released Plaintiff from active duty effective January 31, 2015, and placed him on the Retired List effective February 1, 2015. AR000014.

On February 10, 2014, however, Plaintiff was notified by the Chief, Criminal Law Division, Headquarters, I Corps, that in Administrative Directive 2013-21 the Secretary of the Army "directed initiation of separation proceedings of all Soldiers convicted of a sex offense if the conviction did not result in a punitive discharge or dismissal, regardless of when the

---

[1] Citations to the transcript of record filed by the Secretary of the Army on February 20, 2018, are referred to as "AR."

conviction occurred." AR000014. The Chief also advised Plaintiff that "if an enlisted Soldier who has been convicted of a sex offense has already been subject to administrative separation action, the separation authority will initiate separation action under Secretarial plenary authority as described in Army Regulation 635-200, paragraph 5-3." AR000014.

On February 20, 2014, Plaintiff was advised by his Company Commander that she was initiating a "flag" for involuntary separation effective on that date. TROAR003-04.[2] On February 20, 2014, Plaintiff signed a Developmental Counseling Form and initialed that he agreed with the information. TROAR004.

On July 16, 2014, Plaintiff was notified via memo by his Company Commander, Chris Kim, that Kim was initiating involuntary separation under Army Regulation 635-200, Chapter 5-3, pursuant to the Secretary of the Army's plenary authority. TROAR005-08. The notification

(1) informed Plaintiff that the reason for the separation was his January 3, 2005, conviction for child molestation in the second degree in Kitsap County,

(2) indicated Kim's recommendation would be submitted to

---

[2] Citations to the transcript of record filed by the Secretary of the Army on July 6, 2015, in relation to Plaintiff's Motion for Temporary Restraining Order are referred to as "TROAR."

the Secretary of the Army to make the final decision on the matter, and

(3) informed Plaintiff that he had the right to consult with counsel and the right to submit statements on his behalf.

On July 18, 2014, Plaintiff met with a military attorney and elected to submit a statement on his behalf to be forwarded to the decisional authority. TROAR013-14.

On July 20, 2014, Plaintiff submitted a Request for Retirement in Lieu of Chapter 5-3 Proceedings and a Letter of Intent to his Command. TROAR015-16.

In an undated memorandum Kim considered the separation action and recommended retention. TROAR010-12.

In an undated memorandum Plaintiff's Battalion Commander considered the separation action and recommended retention as well as characterization of Plaintiff's service as Honorable and "General under honorable conditions." TROAR017-18.

In an undated memorandum Plaintiff's Brigade Commander considered the separation action and recommended Plaintiff "be . . . separated from the Army prior to the expiration of his current term of service" and his service "be characterized as . . . General under honorable conditions." TROAR019.

On August 27, 2014, the Commanding General, I Corps, considered the separation action and recommended Plaintiff "be

. . . separated from the Army prior to the expiration of his current term of service" and his service "be characterized as . . . General under honorable conditions."  TROAR020.

On November 25, 2014, the Chief, Enlisted Retirements and Separations, U.S. Army Human Resources Command, suspended Plaintiff's approved retirement and "revoked or rescinded as appropriate" Plaintiff's retirement orders noting "[t]he approved retirement will remain in effect."  TROAR70.

On June 16, 2015, the Assistant Secretary of the Army (Manpower and Reserve Affairs) Debra S. Wada found separation of Plaintiff "is clearly in the best interest of the Army in accordance with Army Regulation 635-200, paragraph 5-3." TROAR072.  Wada directed Plaintiff "be separated with a General (Under Honorable Conditions) characterization of service." TROAR072.

On June 24, 2015, the Directorate of Human Resources, Military Personnel Division, JBLM, published orders directing Plaintiff's discharge on July 1, 2015.  TROAR073.

On June 28, 2015, Plaintiff filed a Complaint in this Court seeking an order enjoining the Army from continuing his separation, setting aside the Army's decision, compelling the Army to transfer him to the retired list with an effective date to be determined, and seeking a number of declarations about the Secretary of the Army's authority under various Army regulations.

7 - OPINION AND ORDER

On June 29, 2015, Plaintiff filed a Temporary Restraining Order seeking an order preventing Defendant from separating Plaintiff from the Army.

On June 30, 2015, the Court heard oral argument on Plaintiff's Motion for Temporary Restraining Order; granted the Temporary Restraining Order through July 8, 2015; and directed the parties to file a Joint Status Report that addressed venue, contained agreed background facts, and included any further argument about likelihood of success on the merits.

On June 30, 2015, the Directorate of Human Resources, Military Personnel Division, JBLM, amended Plaintiff's discharge order to reflect a discharge date of July 9, 2015.

On July 8, 2015, the Court heard further oral argument on Plaintiff's Motion for Temporary Restraining Order.  The Court concluded Plaintiff did not establish a sufficient likelihood of success on the merits, that he was likely to suffer irreparable harm in the absence of continued injunctive relief, or that the balance of equities tipped sufficiently in Plaintiff's favor. The Court also held Plaintiff was required to exhaust his administrative remedies and failed to establish that he had done so.  The Court, therefore, allowed the Temporary Restraining Order to lapse.

On August 7, 2015, the parties filed a Joint Status Report in which they requested the Court to stay this matter while

Plaintiff pursued his administrative remedies.

On August 10, 2015, the Court stayed this matter pending Plaintiff's pursuit of his administrative remedies.

On October 20, 2015, Plaintiff filed an appeal of Assistant Secretary of the Army Wada's June 16, 2015, decision to the Army Discharge Review Board (ADRB). In his appeal Plaintiff "request[ed] an upgrade of [Plaintiff's] general, under honorable conditions discharge to honorable and change the narrative reason [for his separation from Secretarial authority] to retirement." AR000020, AR000301.

On April 27, 2016, the ADRB "determined the applicant's characterization was improper." AR000301. The ADBR, therefore, "voted to grant full relief in the form of an upgrade of characterization of service to honorable. However, the [ADRB] determined that the reason for discharge was proper and equitable and voted not to change it." AR000301. Specifically, the ADBR noted "the information available for review . . . revealed no medical or behavioral health conditions which could be seen as mitigating for the misconduct, child molestation." AR000301.

On February 28, 2017, Plaintiff filed an application for administrative review of the decision of the ADRB with the Army Board for Correction of Military Records (ABCMR).

On September 2017, the ABCMR denied Plaintiff's application for administrative review.

9 - OPINION AND ORDER

On December 6, 2017, the parties filed a Joint Motion to Lift Stay.

On December 7, 2017, the Court granted the parties' Motion and issued an Order lifting the stay in this matter.

On January 29, 2018, Plaintiff filed an Amended Complaint seeking review of the Army's decision pursuant to the Administrative Procedures Act, 5 U.S.C. § 702, and a writ of mandamus pursuant to 28 U.S.C. § 1361.  Plaintiff requests the Court to compel the Army to transfer him to the retired list with an effective date to be determined and to issue any other legal or equitable relief that the Court deems proper.

On March 19, 2018, Plaintiff filed a Motion (#47) for Limited Discovery and to Supplement the Administrative Record. On March 30, 2018, Plaintiff filed an Amended Motion (#48) for Limited Discovery and to Supplement the Administrative Record. The Court took Plaintiff's Amended Motion under advisement on April 30, 2018.

## **DISCUSSION**

In his Amended Motion Plaintiff seeks an order requiring Defendant to produce four Army witnesses for deposition:  Debra Wada, Assistant Secretary of the Army (Manpower and Reserve Affairs); Julian Edmonson, Deputy Chief-of-Staff for the Army's G-1 (Personnel); Colonel Michael Miller; and Dennis Dingle,

Director, ABCMR.  Plaintiff also seeks an order requiring Defendant to supplement the administrative record to include various email messages, written correspondence, and "any other correspondence regarding the Army's decision to separate" Plaintiff.  As to his second request, Plaintiff references a letter that counsel sent to the Army in January 2018 in which counsel sought 15 separate categories of correspondence, documents, and authorities.

Defendant opposes Plaintiff's Amended Motion on the grounds that judicial review under the Administrative Procedures Act (APA), 5 U.S.C. § 706, is limited to the administrative record before the agency at the time of the decision, and Plaintiff has not satisfied any of the limited exceptions that would permit him to supplement the record.

The APA provides in pertinent part:

> [A] reviewing court shall -
>
> * * *
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be--
>
>> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>>
>> (B) contrary to constitutional right, power, privilege, or immunity;
>>
>> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

11 - OPINION AND ORDER

>           (D) without observance of procedure required
>           by law;
>
>           (E) unsupported by substantial evidence in a
>           case subject to sections 556 and 557 of this
>           title or otherwise reviewed on the record of
>           an agency hearing provided by statute; or
>
>           (F) unwarranted by the facts to the extent
>           that the facts are subject to trial de novo
>           by the reviewing court.
>
>      In making the foregoing determinations, the court
>      shall review the whole record or those parts of it
>      cited by a party.

5 U.S.C. § 706.

"Judicial review of an agency decision typically focuses on the administrative record in existence at the time of the decision and does not encompass any part of the record that is made initially in the reviewing court." *S.W. Ctr. for Biological Diversity v. U.S. Forest Svc.*, 100 F.3d 1443, 1450 (9th Cir. 1996)(citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The Ninth Circuit, however, has held "[r]eview may . . . be expanded beyond the record if necessary to explain agency decisions." *S.W. Ctr. for Biological Diversity*, 100 F.3d at 1450 (citing *Animal Defense Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988)). Specifically, a reviewing court may only consider "extra-record materials" under four narrow exceptions:

>           (1) if necessary to determine "whether the agency
>           has considered all relevant factors and has
>           explained its decision," (2) "when the agency has
>           relied on documents not in the record," or
>           (3) "when supplementing the record is necessary to
>           explain technical terms or complex subject matter"

> [or (4)] "when plaintiffs make a showing of agency bad faith."

*S.W. Ctr. for Biological Diversity*, 100 F.3d at 1450 (quoting *Inland Empire Pub. Lands Council v. Glickman*, 88 F.3d 697, 703-04 (9th Cir. 1996)), and *National Audubon Soc. v. U.S. Forest Serv.*, 46 F.3d 1437, 1447 n.9 (9th Cir. 1993)). *See also Cachil Dehe Band of Wintun Indians v. Zinke*, 889 F.3d 584, 600 (9th Cir. 2018)(same).

Plaintiff asserts the Court should permit further discovery and allow Plaintiff to supplement the record in this case because it is necessary to determine whether the Army considered all relevant factors and has adequately explained its decision and/or whether the Army relied on documents that are not in the administrative records in reaching its decision. Plaintiff, however, only relies on his own allegations to support his request. Specifically, Plaintiff asserts "[t]here are clearly documents, or at least conversations, that are not reflected in the administrative record, and which led to the Army's decision." Plaintiff notes the Army investigated Plaintiff's conduct "over ten years ago" and decided to retain him, and then later the Army reversed its decision. According to Plaintiff, "[i]t stands to reason that there is some actor, additional information, or other communications behind the Army's decision to reverse its [decision]. . . . Yet there is nothing in the administrative record that reflects who actually was involved, and when and why

13 - OPINION AND ORDER

the ultimate decision was made."

Plaintiff's assertions are belied by the existing record, which reflects Army Directive 2013-21 issued in 2013 changed the landscape of the Army's decisions with respect to retention of individuals convicted of sex crimes. In fact, Plaintiff alleges in his Amended Complaint that the Army's separation decision was based on Army Directive 2013-21. The record reflects Plaintiff's separation decision went up through his chain of command with recommendations at each level until a final decision approving the separation was rendered by Assistant Secretary of the Army Wada. AR 330-339. The record also contains a 30-page decision reciting facts, authority, and analysis by the ABCMR related to the decisionmaking process involved in Plaintiff's separation. Plaintiff's arguments as to the sufficiency of the record, however, relate to the weight of the evidence rather than establishing a lack of evidence.

As to Plaintiff's assertion that the record is incomplete because it does not contain certain emails and letters that his attorney sent to various Army representatives after the ABCMR reached its decision, the Ninth Circuit has repeatedly made clear that "'exceptions to the normal rule regarding consideration of extra-record materials only apply to information available at the time, not post-decisional information.'" *Cachil Dehe*, 889 F.3d at 600 (quoting *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671

F.3d 1113, 1130 (9th Cir. 2012)).

Finally, 42 C.F.R. § 137.309 makes clear that "civil discovery [is] not permitted in APA proceedings." Courts have held when a court reviews agency actions under the APA, "the standard discovery tools of civil litigation— including depositions, interrogatories, and, germane here, wide-ranging document production of materials that may potentially lead to admissible evidence—do not apply." *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 312 (S.D.N.Y. 2012). *See also Bark v. Northrop*, 2 F. Supp. 2d 1147, 1152 (D. Or. 2014) (same). In fact, district courts have granted motions for protective orders prohibiting discovery in APA proceedings. For example, in *Sierra Club v. U.S. Dep't of Energy* the plaintiffs alleged the defendants had unlawfully failed to comply with NEPA. 26 F. Supp. 2d 1268, 1272 (D. Colo. 1998). The plaintiffs propounded interrogatories and requests for production of documents to the defendant, and the court concluded limited discovery was not warranted because the plaintiff failed to establish that the court could not determine whether the defendants' actions were arbitrary and capricious based on the administrative record. *Id*. at 1271. *See also Int'l Jr. Coll. of Bus. & Tech., Inc. v. Duncan*, 937 F. Supp. 2d 202, 206 (D.P.R. 2012)(concluding plaintiffs' argument that the administrative record did not fully explain the agency's reasoning with regard

to the challenged actions did not entitle plaintiffs to engage in fact-finding and noting "the narrowness of the APA action for judicial review weighs heavily against discovery.").

In summary, Plaintiff fails to establish any of the narrow exceptions to the general rule apply that would permit this Court to consider extra-record materials. In addition, the Court concludes the administrative record in this matter is sufficiently developed for the Court to evaluate adequately whether Defendant's decision violated the APA or supports a writ of mandamus. The Court, therefore, denies Plaintiff's Amended Motion for Limited Discovery and to Supplement the Administrative Record.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Amended Motion (#48) for Limited Discovery and to Supplement the Administrative Record.

IT IS SO ORDERED.

DATED this 14th day of June, 2018.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge