IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAMON J. CLAIBORNE,                          3:15-cv-01192-BR

        Plaintiff,                           OPINION AND ORDER

v.

SECRETARY OF THE ARMY,

        Defendant.


**DANA MITCHELL**
317 Court Street N.E.
Salem, OR 97301
(503) 508-6078

**LISA D. WRIGHT**
5680 Commercial Street, Suite 170
Salem, OR, 97306
(503) 580-5303

**JOHN N. MAHER**
**KEVIN J. MIKOLASHEK**
Maher Legal Services PC
7 East Main Street, No. 1053
St. Charles, Illinois 60174
(708) 468-8155

        Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JAMES E. COX, JR.**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204
(503) 727-1000

          Attorneys for Defendant

**BROWN, Senior Judge.**

        This matter comes before the Court on Plaintiff's Motion

(#58) for Judgment on the Administrative Record and Defendant's

Cross-Motion (#61) for Summary Judgment.  The Court concludes the

record is sufficiently developed such that oral argument would

not be helpful to resolve these Motions.  For the reasons that

follow, the Court **DENIES** Plaintiff's Motion and **GRANTS**

Defendant's Motion.


                              <u>BACKGROUND</u>

        The following facts are undisputed unless otherwise noted

and are taken from Plaintiff's Amended Complaint, the

Administrative Record, and the parties' filings related their

Motions.

        In 1998 Plaintiff Damon J. Claiborne enlisted in the United

States Army and was assigned the rank of Specialist (SPC).

AR00013.

        On November 12, 2004, when Plaintiff was an SPC, he was

charged in Kitsap County, Washington, with one count of Child
Molestation in the Second Degree. Plaintiff submitted an *Alford*
plea and was sentenced to a term of 15 months imprisonment.
Plaintiff's status with the Army was changed from "present for
duty" to "civilian confinement" from October 28, 2004, to
January 5, 2006.

On January 6, 2006, Plaintiff's status was changed to
"present for duty," and Plaintiff reported to his unit. As a
result of the state-court conviction, the Army initiated
involuntary separation proceedings against Plaintiff on
February 9, 2006, under the provisions of Army Regulation
635-200, chapter 14-5, Active Duty Enlisted Administrative
Separations, ¶ 14-5, Conviction by Civil Court.

On May 10, 2006, the Acting Commander, I Corps and Fort
Lewis, reviewed the recommendation to discharge Plaintiff
pursuant to Army Regulation 635-200. The Acting Commander
suspended execution of the discharge for 12 months.

At some point the suspended discharge was cancelled after
Plaintiff's successful completion of the probation period
pursuant to Army Regulation 635-200 and Plaintiff was retained by
the Army.

On July 1, 2007, Plaintiff was promoted to Sergeant (SGT).
AR000068.

On June 25, 2008, Plaintiff reenlisted in the Army for a

period of four years. On October 1, 2010, Plaintiff reenlisted again for a period of five years.

On March 25, 2011, Plaintiff was determined to be eligible under the Military Retirement Reform Act to elect either a one-time, career-status bonus and to remain under the REDUX retired pay system or to retire under the "High-3" retirement system. Plaintiff elected the one-time, career-status bonus, which required Plaintiff to agree to stay in the Army until he had a minimum of 20 years active service.

On December 1, 2012, Plaintiff was promoted to Staff Sergeant (SSG). AR000068.

On November 7, 2013, the Secretary of the Army issued Army Directive 2013-21, which provides in pertinent part:

> Commanders will initiate the administrative
> separation of any Soldier convicted of a sex
> offense . . . whose conviction did not result in a
> punitive discharge or dismissal. This policy
> applies to all personnel currently in the Army,
> regardless of when the conviction for a sex
> offense occurred and regardless of component of
> membership and current status in that component.

Army Directive 2013-21(3).

At some point Plaintiff requested voluntary retirement from the Army "upon completion of 20 years of active Federal service." AR00013.[1]

---

[1] Citations to the transcript of record filed by the Secretary of the Army on February 20, 2018, are referred to as "AR."

On January 6, 2014, Plaintiff's request for retirement was approved. Army Installation Management Command Orders released Plaintiff from active duty effective January 31, 2015, and placed him on the Retired List effective February 1, 2015. AR000014.

In February 2014 the Army issued ALARACT 035/2014 in which it reiterated the terms of Army Directive 2013-21 and implemented Directive 2013-21 at the Army unit level. AR000754-58.

On February 10, 2014, however, Plaintiff was notified by the Chief, Criminal Law Division, Headquarters, I Corps, that in Administrative Directive 2013-21 the Secretary of the Army "directed initiation of separation proceedings of all Soldiers convicted of a sex offense if the conviction did not result in a punitive discharge or dismissal, regardless of when the conviction occurred." AR000014. The Chief also advised Plaintiff that "if an enlisted Soldier who has been convicted of a sex offense has already been subject to administrative separation action, the separation authority will initiate separation action under Secretarial plenary authority as described in Army Regulation 635-200, paragraph 5-3." AR000014.

On February 20, 2014, Plaintiff was advised by his Company Commander that she was initiating a "flag" for Plaintiff's involuntary separation effective on that date. TROAR003-04.[2]

---

[2] Citations to the transcript of record filed by the Secretary of the Army on July 6, 2015, in association with Plaintiff's Motion for Temporary Restraining Order are referred

Also on February 20, 2014, Plaintiff signed a Developmental
Counseling Form and initialed that he agreed with the
information.  AR000399.

On July 16, 2014, Plaintiff was notified via memorandum by
his Company Commander, Chris Kim, that Kim was initiating
Plaintiff's involuntary separation under Army Regulation 635-200,
Chapter 5-3, pursuant to the Secretary of the Army's plenary
authority.  AR000342-43.  The notification

    (1)   informed Plaintiff that the reason for the separation
           was his January 3, 2005, conviction for child
           molestation in the second degree in Kitsap County,

    (2)   indicated Kim's recommendation would be submitted to
           the Secretary of the Army to make the final decision on
           the matter, and

    (3)   informed Plaintiff that he had the right to consult
           with counsel and the right to submit statements on his
           own behalf.

On July 18, 2014, Plaintiff met with a military attorney and
elected to submit a statement to be forwarded to the decisional
authority.  AR000340-41.

On July 20, 2014, Plaintiff submitted a Request for
Retirement in Lieu of Chapter 5-3 Proceedings and a Letter of
Intent to his Command.  AR000400-401.

---

to as "TROAR."

In an undated memorandum Kim considered the separation action and recommended Plaintiff's retention. AR000103-106.

In an undated memorandum Plaintiff's Battalion Commander considered the separation action and recommended Plaintiff's retention as well as characterizing Plaintiff's service as Honorable and "General under honorable conditions." TROAR017-18.

In an undated memorandum Plaintiff's Brigade Commander considered the separation action and recommended Plaintiff to "be . . . separated from the Army prior to the expiration of his current term of service" and his service to "be characterized as . . . General under honorable conditions." TROAR019.

On August 27, 2014, the Commanding General, I Corps, considered the separation action and recommended Plaintiff to "be . . . separated from the Army prior to the expiration of his current term of service" and his service to "be characterized as . . . General under honorable conditions." TROAR020.

On November 25, 2014, however, the Chief, Enlisted Retirements and Separations, U.S. Army Human Resources Command, suspended Plaintiff's approved retirement and "revoked or rescinded as appropriate" Plaintiff's retirement orders noting "[t]he approved retirement will remain in effect." AR000586.

On June 16, 2015, Assistant Secretary of the Army (Manpower and Reserve Affairs) Debra S. Wada found separation of Plaintiff "is clearly in the best interest of the Army in accordance with

Army Regulation 635-200, paragraph 5-3." AR000070. Wada
directed Plaintiff to "be separated with a General (Under
Honorable Conditions) characterization of service." AR000070.

On June 24, 2015, the Directorate of Human Resources,
Military Personnel Division, JBLM, published orders directing
Plaintiff's discharge on July 1, 2015. AR000075.

On June 28, 2015, Plaintiff filed a Complaint in this Court
seeking an order to enjoin the Army from continuing his
separation, to set aside the Army's decision, to compel the Army
to transfer him to the retired list with an effective date to be
determined, and also seeking a number of declarations about the
Secretary of the Army's authority under various Army regulations.

On June 29, 2015, Plaintiff filed a Temporary Restraining
Order seeking an order preventing Defendant from separating
Plaintiff from the Army.

On June 30, 2015, the Court heard oral argument on
Plaintiff's Motion for Temporary Restraining Order; granted the
Temporary Restraining Order through July 8, 2015; and directed
the parties to file a Joint Status Report that addressed venue,
contained agreed background facts, and included any further
argument about Plaintiff's likelihood of success on the merits.

On June 30, 2015, the Directorate of Human Resources,
Military Personnel Division, JBLM, amended Plaintiff's discharge
order to reflect a discharge date of July 9, 2015.

On July 8, 2015, the Court heard further oral argument on Plaintiff's Motion for Temporary Restraining Order, concluded Plaintiff did not satisfy the criteria for injunctive relief, found Plaintiff failed to establish that he had exhausted his administrative remedies, and allowed the Temporary Restraining Order to lapse.

On August 7, 2015, the parties filed a Joint Status Report in which they requested the Court to stay this matter while Plaintiff pursued his administrative remedies.

On August 10, 2015, the Court stayed this matter pending Plaintiff's pursuit of his administrative remedies.

On October 20, 2015, Plaintiff appealed Assistant Secretary of the Army Wada's June 16, 2015, decision to the Army Discharge Review Board (ADRB). In his appeal Plaintiff "request[ed] an upgrade of [Plaintiff's] general, under honorable conditions discharge to honorable and change the narrative reason [for his separation from Secretarial authority] to retirement." AR000020, AR000301.

On April 27, 2016, the ADRB "voted to grant . . . relief in the form of an upgrade of characterization of [Plaintiff's] service to honorable. However, the [ADRB] determined that the reason for discharge was proper and equitable and voted not to change it." AR000301. Specifically, the ADBR noted "the information available for review . . . revealed no medical or

behavioral health conditions which could be seen as mitigating for the misconduct, child molestation." AR000301.

On February 28, 2017, Plaintiff filed an application for administrative review of the decision of the ADRB with the Army Board for Correction of Military Records (ABCMR).

On September 28, 2017, the ABCMR concurred with the ADRB's recommendation to "upgrade [the] characterization of [Plaintiff's] service to honorable," but denied Plaintiff's request to change the reason for his separation from Secretarial authority to retirement. Although the AMBCR acknowledged Plaintiff's military skills and years of service and noted it was "sympathetic to [Plaintiff's] situation "since he was likely motivated by the prospect of a military retirement when he decided during the latter years of his military career to remain in the Army," the AMBCR also noted

> much of [Plaintiff']s predicament is due to his
> own misbehavior. It is indisputable that
> [Plaintiff] was convicted of a serious sex
> offense. Such misconduct by service members in
> turn forces government officials, such as the
> Secretary of the Army, to make difficult
> decisions. . . . Had he not engaged in serious
> misconduct (misconduct which involved a child
> victim) [Plaintiff] would not be in the situation
> he is.

AR000034.

On December 6, 2017, the parties filed a Joint Motion to Lift Stay.

On December 7, 2017, the Court granted the parties' Motion

and issued an Order lifting the stay.

On January 29, 2018, Plaintiff filed an Amended Complaint seeking review of the Army's decision pursuant to the Administrative Procedures Act, 5 U.S.C. § 702, and a Writ of Mandamus pursuant to 28 U.S.C. § 1361. Plaintiff requests the Court to compel the Army to transfer him to the retired list with an effective date to be determined and to issue any other legal or equitable relief that the Court deems proper.

On August 6, 2018, Plaintiff filed a Motion for Judgment on the Administrative Record. On September 10, 2018, Defendant filed a Cross-Motion for Summary Judgment. The Court took the parties' Motions under advisement on October 5, 2018.

## STANDARDS

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a genuine dispute as to a material fact. *Emeldi v. Univ. of Or.*, 673 F.3d 1218, 1223 (9th Cir. 2012). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and point to "specific facts demonstrating the existence of genuine issues for trial." *In re*

*Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)
"This burden is not a light one. . . . The non-moving party must
do more than show there is some 'metaphysical doubt' as to the
material facts at issue." *Id*. (citation omitted).

A dispute as to a material fact is genuine "if the evidence
is such that a reasonable jury could return a verdict for the
nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d
1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby,
Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all
reasonable inferences in favor of the nonmoving party.  *Sluimer
v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010).  "Summary
judgment cannot be granted where contrary inferences may be drawn
from the evidence as to material issues." *Easter v. Am. W. Fin.*,
381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts
Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598
(9th Cir. 1982)).

"A non-movant's bald assertions or a mere scintilla of
evidence in his favor are both insufficient to withstand summary
judgment." *F.T.C. v. Stefanchik*, 559 F.3d 924, 929 (9th Cir.
2009)(citation omitted).  When the nonmoving party's claims are
factually implausible, that party must "come forward with more
persuasive evidence than otherwise would be necessary." *LVRC
Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)
(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149

(9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id*.


## DISCUSSION

As noted, Plaintiff brings claims under the APA and for mandamus relief. Specifically, Plaintiff requests the Court to compel the Army to transfer him to the "retired list with an effective date to be determined based on his credible service" and "award any other legal or equitable relief which the Court deems proper."

## I.   Standards of Review

Under 10 U.S.C. § 1169(a) "[n]o regular enlisted member of an armed force may be discharged before his term of service expires, except as prescribed by the Secretary concerned."

The ABCMR acts for the Secretary of the Army and derives its authority to correct servicemen's military records from 10 U.S.C. § 1552, which provides in pertinent part:  "The Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice."  10 U.S.C.

§ 1552(a)(1).  *See also* 32 C.F.R. § 581.3 (setting out purpose,
authority, and procedures for military records review by the
ABCMR).  As noted, Plaintiff challenges the Army's application of
§ 1552 pursuant to the APA and mandamus.

   **A.  Review under the APA**

        Under the APA a court must set aside an agency action
that is "arbitrary, capricious, an abuse of discretion, or
otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).
"Such review is deferential and narrow, requiring a high
threshold for setting aside agency action."  *Alliance for the
Wild Rockies v. Savage*, 897 F.3d 1025, 1033 (9th Cir. 2018)
(quotation omitted).  The review is "highly deferential,
presuming the agency action to be valid and affirming the agency
action if a reasonable basis exists for its decision."  *Bahr v.
Env't Protection Agency*, 836 F.3d 1218, 1229 (9th Cir. 2016).
The court is "not empowered to substitute its judgment for that
of the agency."  *Citizens to Preserve Overton Park, Inc. v.
Volpe*, 401 U.S. 402, 416 (1971), *abrogated on other grounds by
Califano v. Sanders*, 430 U.S. 99 (1977).  *See also Ctr. for Bio.
Diversity v. Bureau of Land Mgmt.*, 833 F.3d 1136, 1150 (9th Cir.
2016)("[r]eview under the arbitrary and capricious standard is
narrow — a court will not substitute its judgment for that of the
agency.").  The court's

        proper role is simply to ensure that the

> [agency] made no clear error of judgment that
> would render its action arbitrary and
> capricious, and [the court] require[s] only a
> rational connection between facts found and
> conclusions made by the defendant agencies.

*Friends of Santa Clara River v. United States Army Corps of Engineers*, 887 F.3d 906, 920 (9th Cir. 2018)(quotations omitted). "Even when an agency explains its decision with less than ideal clarity, a reviewing court will not upset the decision on that account if the agency's path may reasonably be discerned." *Bahr*, 836 F.3d at 1229 (quotation omitted).

"The burden is on Plaintiff[] to show any decision or action was arbitrary and capricious.'" *Planned Parenthood of Greater WA and N. Idaho v. U.S. Dep't of Health and Human Svcs.*, No. 2:18-CV-0055-TOR, 2018 WL 1934070, at *10 (E.D. Wash. Apr. 24, 2018)(quoting *Kleppe v. Sierra Club*, 427 U.S. 390, 412 (1976)).

## B. Review of the ABCMR under the APA

The parties agree the Ninth Circuit has not interpreted the scope of judicial review for a decision of the ABCMR pursuant to § 1552(2). The D.C. Circuit and Federal Circuit, however, have addressed the standard of review. The Court, therefore, looks to the case law of those courts for guidance.

"Although the federal courts have jurisdiction to review decisions of [military] Correction Board[s], [they] do so under an unusually deferential application of the arbitrary or

capricious standard of the APA." *Mueller v. Winter*, 485 F.3d
1191, 1198 (D.C. Cir. 2007)(quotations omitted).  As one court
explained:

> The [ABCMR] (under its delegated authority from
> the Secretary of the [Army]) has broad discretion
> when considering an application for correction.
> Military corrections boards "*may* correct any
> military record . . . necessary to correct
> an error or remove an injustice."  10 U.S.C.
> § 1552(a)(1)(emphasis added).  As a result, a
> court reviewing a military corrections board's
> decision applies an "unusually deferential
> application of the 'arbitrary or capricious'
> standard."  *Kreis v. Sec'y of Air Force*, 866 F.2d
> 1508, 1514 (D.C. Cir. 1989).

*Magneson v. Mabus*, 174 F. Supp. 3d 114, 119 (D.D.C. 2016).  *See
also Ey v. McHugh*, 21 F. Supp. 3d 49, 55 (D.D.C. 2014)("Deference
is doubly warranted . . . when Courts review administrative
decisions made by the armed forces.  That extra deference has two
sources.  First, courts are particularly unfit to review the
substance of military personnel decisions.  Second, the ABCMR's
enabling statute grants special discretion to the Secretary of
the Army, who acts through that body.").  Citation omitted.

Although "the broad grant of discretion implicated [in
10 U.S.C. § 1552(a)] does not entirely foreclose review of the
Secretary's action, the way in which the statute frames the issue
for review does substantially restrict the authority of the
reviewing court to upset the Secretary's determination."  *Kreis*,
866 F.2d at 1514.  "It is simply more difficult to say that the
Secretary has acted arbitrarily if he is authorized to act '*when

16 - OPINION AND ORDER

*he considers it necessary* to correct an error or remove an injustice.'" *Id*. (citing 10 U.S.C. § 1552(a)(emphasis in original)). "Thus, when reviewing a military corrections board decision, a court's role is to determine only whether 'the decision making process was deficient, not whether [the] decision was correct.'" *Magneson*, 174 F. Supp. 3d at 120 (quoting *Dickson v. Sec'y of Def.*, 68 F.3d 1396, 1405 (D.C. Cir. 1995)).

## C.    **Mandamus**

The writ of mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. United States Dist. Ct. for the Dist. of Columbia*, 124 S. Ct. 2576, 2586 (2004)(internal quotation omitted).

> [T]he Writ is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue. First, the party seeking issuance of the writ must have no other adequate means to attain the relief [s]he desires – a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy the burden of showing that [her] right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

*Id*. at 2587 (internal quotations and citations omitted).

"For mandamus relief, three elements must be satisfied: (1) the plaintiff's claim is clear and certain; (2) the [defendant official's] duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate

remedy is available." *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003). "Whether the elements of the mandamus test are satisfied is a question of law reviewed *de novo*. The trial court retains discretion in ordering mandamus relief, however, even if all elements are satisfied." *Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 505 (9th Cir. 1997).

In *Cargill v. Marsh* the plaintiff serviceman sought a writ of mandamus to compel the Army to reassign him from the Judge Advocate General's Corps to the Army's Corps of Engineers as well as an amendment to his military records to reflect an assignment to the Corps of Engineers rather than the Judge Advocate General's Corps. 902 F.2d 1006, 1007 (D.C. Cir. 1990). The district court dismissed the plaintiff's claims on the ground that they were not justiciable pursuant to *Mindes v. Seaman*, 453 F.2d 197 (5th Cir. 1971). The D.C. Circuit court noted it had recently rejected the analysis of *Mindes* in *Kreis*. The D.C. Circuit, however, concluded "[u]nder the authority of *Kreis* . . . [the plaintiff's] mandamus claim is still nonjusticiable." *Cargill*, 902 F.2d at 1007. The court reasoned:

> The same "fundamental and highly salutary
> principle" that caused the court to stay its hand
> in *Kreis* applies in this case. "The Constitution
> vests '[t]he complex, subtle, and professional
> decisions as to the composition, training,
> equipping, and control of a military force'
> exclusively in the legislative and executive
> branches," not in the judicial. *Id*. at 1511
> (quoting *Gilligan v. Morgan*, 413 U.S. 1, 10
> (1973)). To grant the transfer sought here, like

the promotion in *Kreis*, "would require [the court]
to second-guess the Secretary's decision about how
best to allocate military personnel in order to
serve the security needs of the Nation."  *Id.*

*Id.*

## II.  Plaintiff's APA Claim

As noted, Plaintiff asserts the Army's decision to separate him involuntarily from service was arbitrary and capricious in violation of the APA.  In his Response to Defendant's Motion for Summary Judgment Plaintiff notes he is not challenging the "substance" of Army Directive 2013-21 and ALARACT 035-2014. Plaintiff states he only challenges the "retroactive application of them to his case."[3]

### A.   Army Directive 2013-21 Procedure

Army Directive 2013-21(3)(a)(3) relates to enlisted soldiers convicted of sex offenses and provides:

> 3.   Commanders will initiate the administrative
> separation of any Soldier convicted of a sex
> offense . . . whose conviction did not result in a
> punitive discharge or dismissal.  This policy
> applies to all personnel currently in the Army,
> regardless of when the conviction for a sex
> offense occurred and regardless of component of
> membership and current status in that component.
>
> a.   For enlisted personnel:
>
> * * *

---

[3]  Plaintiff appears to have abandoned his claim that Army
Directive 2013-21 and ALARACT should be invalidated under the APA
on the ground that they were the enactment of illegal policies
with retroactive application."  Pl.'s Mot. at 18-19.

> (3) If an enlisted Soldier who has been
> convicted of a sex offense already
> has been subject to an admini-
> strative separation action . . .
> for that conviction and has been
> retained as a result of that
> proceeding, the separation
> authority will initiate a
> separation action under the
> Secretarial plenary authority, as
> detailed in paragraph 3a(2) of this
> directive.

AR000750-51. Directive 2013-21(3)(a)(2), in turn, provides: "If the separation authority approves retention, he or she will initiate an action for the exercise of Secretarial plenary separation authority under . . . paragraph 5-3 of reference 1d." Paragraph 1(d) references Army Regulation 635-200.

Paragraph 5-3 of Army Regulation 635-200 provides in pertinent part:

> **Secretarial plenary authority**
> a. Separation under this paragraph is the
> prerogative of the Secretary of the Army.
> Secretarial plenary separation authority is
> exercised sparingly and seldom delegated.
> Ordinarily, it is used when no other provision of
> this regulation applies, and early separation is
> clearly in the best interest of the Army.
> Separations under this paragraph are effective
> only if approved in writing by the Secretary of
> the Army or the Secretary's approved designee as
> announced in updated memorandums.
>
> b. Secretarial separation authority is normally
> exercised on a case-by-case basis but may be used
> for a specific class or category of soldiers. When
> used in the latter circumstance, it is announced
> by special HQDA directive that may, if
> appropriate, delegate blanket separation authority
> to field commanders for the class category of
> soldiers concerned.

In summary, the Army directed commanders to initiate administrative separation procedures for any soldier, who, as in Plaintiff's case, was convicted of a sex offense but whose conviction did not result in a punitive discharge or dismissal from the Army. For enlisted soldiers "the separation authority" is directed to initiate a separation action pursuant to an "exercise of [the] Secretarial plenary separation authority" set out in ¶ 5-3 of Army Regulation 635-200. In turn, the secretarial plenary authority is "the prerogative of the Secretary of the Army" that may be exercised for a specific category or class of soldiers and used when "no other provision of . . . [R]egulation [635-200] applies and early separation is clearly in the best interest of the Army."

## B. Retroactivity

As noted, Plaintiff challenges the alleged "retroactive application" of Army Regulation 2013-21 to his case. Specifically, Plaintiff asserts the Army lacked the authority to use Directive 2013-21 to reach back and to separate Plaintiff involuntarily based on his 2005 conviction.

Defendant, however, notes neither Directive 2013-21 nor ALARACT mandated Plaintiff's discharge. The Directive and ALARACT require the Army to commence future proceedings for case-by-case discharge adjudications of soldiers convicted of sex offenses. The Directive requires the Assistant Secretary to

"consider and [to] act upon" Plaintiff's case and to require separation if the Secretary concludes "early separation is clearly in the best interest of the Army." In addition, Army Regulation 635-200 paragraph 2-6(e) provides the procedure for "[w]hen a board of officers has recommended retention [of a solider] and the separation authority believes that discharge is warranted and in the best interest of the Army." AR000640. Paragraph 2-6(e)(1) explains "[s]eparation under the provisions of paragraph 5-3 [of Army Regulation 635-200] is based upon different criteria from that considered by the board of officers and does not constitute overturning the board." Thus, the decision by the ABCMR to separate Plaintiff from service was not retroactive and did not apply the same criteria as that applied by the board of officers in 2006.

### C.   Failure to Follow Army Regulations

Plaintiff asserts the Army's decision was arbitrary and capricious because the Army failed to follow its own regulations in reaching its decision to separate Plaintiff.

When an individual challenges an "agency's action as inconsistent with the agency's own policies, [the court] examines whether the agency has actually departed from its policy and, if so, whether the agency has offered a reasoned explanation for such departure." *Bahr*, 836 F.3d at 1229 (citing *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2125–26 (2016)).

Generally "[a]gencies are free to change their existing policies as long as they provide a reasoned explanation for the change." *Encino,* 136 S. Ct. at 2125. When an agency is "interpreting a binding regulation, the agency's interpretation is 'controlling' unless 'plainly erroneous or inconsistent with the regulation.'" *Bahr*, 836 F.3d at 1229 (quoting *Auer v. Robbins*, 519 U.S. 452, 461 (1997)).

Plaintiff notes Army Regulation 635-200, paragraph 1-17(b) provides:

> Separation per this regulation normally should not be based on conduct that has already been considered at an administrative . . . proceeding and disposed of in a manner indicating that separation was not warranted. Accordingly, . . . no Soldier will be considered for administrative separation because of conduct that—

> * * *

> (3) Has been the subject of an administrative separation proceeding resulting in a final determination by a separation authority that the Soldier should be retained, except [under circumstances not relevant here].

According to Plaintiff, therefore, the Army violated its own regulation when it separated Plaintiff pursuant to Army Regulation 635-200 because his 2005 conviction had already been considered at an administrative proceeding that resulted in a final determination that he should be retained.

Defendant, however, points out that Paragraph 2-6(e) of

Army Regulation 635-200 specifically notes when "the separation authority believes that discharge is warranted and in the best interest of the Army," it may do so pursuant to paragraph 5-3 notwithstanding the prior recommendation by a board of officers. AR000639.  Moreover, paragraph 2-6(e)(1) makes clear: "Separation under the provisions of paragraph 5-3 is based upon different criteria from that considered by the board of officers and does not constitute overturning the board."  *Id.*  In addition, paragraph 2-6(e) explains even though it is the Army's policy "not to direct separation per paragraph 5-3 when a duly constituted board has recommended retention," it may do so when "sufficient justification is provided to warrant separation by the Secretary of the Army, based on all the circumstances, as being in the best interest of the Army."  *Id*.

Courts have held "separations under [paragraph] 5 [of Army Regulation 635-200] are separate and alternative from separations authorized under other provisions of [that Regulation]."  *West v. United States*, 103 Fed. Cl. 55, 62 (2012)(citation omitted).  Thus, the court held in *West* that "provisions of Army Reg. 635-200 Chapter 14 do not limit the authority of the Secretary to exercise his discretion to discharge a soldier under Chapter 5."  *Id*.  The court noted "[i]t would be contrary to the language and intent of Chapter 5 to unduly limit the Secretary's ability to effect a discharge for

the convenience of the government." *Id.* (citation omitted).

On this record the Court concludes Defendant did not "actually depart" from its policies and procedures in reaching its decision to separate Plaintiff pursuant to paragraph 5-3.

### D. **Failure to Support Decision with Substantial Evidence**

Plaintiff alleges the ABCMR's decision to separate him was arbitrary and capricious because the Army did not do so based on substantial evidence. Specifically, Plaintiff asserts the Army failed to consider and to weigh properly Plaintiff's achievements and good conduct after his 2005 conviction in reaching its decision to separate Plaintiff.

Defendant asserts the substantial-evidence standard does not apply in this context and that the Army actually considered Plaintiff's achievements and good conduct in reaching its decision.

#### 1. **Applicable Standard**

As noted, Defendant contends the substantial-evidence standard of the APA does not apply in this context. Defendant points out that Plaintiff acknowledges in other portions of his Motion for Judgment that the applicable standard of review in this matter is "arbitrary and capricious" pursuant to 5 U.S.C. § 706(2)(A).

The APA provides in § 706(2)(E) that a reviewing court

> shall hold unlawful and set aside agency action,
> findings, and conclusions found to be . . .
> unsupported by substantial evidence in a case
> subject to sections 556 and 557 of this title  or
> otherwise reviewed on the record of an agency
> hearing provided by statute.

5 U.S.C. § 556 applies by its terms to "hearings required by section 553 or 554 of [Chapter 5]."  In turn, § 553 applies to agency rule-making procedures "except to the extent that there is involved a military . . . function of the United States." 5 U.S.C. § 553(a)(1).  Similarly, § 554 applies "in every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing, except to the extent that there is involved . . . the conduct of military . . . functions."  5 U.S.C. § 554(a)(4).  Finally, 5 U.S.C. § 557 applies "when a hearing is required to be conducted in accordance with section 556."  Thus, the substantial-evidence standard set out in § 706(2)(E) does not apply to the Court's review of military decisions under the terms of that provision.

As noted, numerous courts that have addressed this issue have concluded a highly deferential arbitrary-and-capricious standard applies to the court's scope of review of military matters.  Accordingly, this Court concludes the arbitrary-and-capricious standard applies to the Court's evaluation of the Army's consideration of Plaintiff's achievement's and good conduct in this matter.

## 2.   Analysis

Plaintiff asserts the Army failed to take proper consideration of and/or to weigh properly Plaintiff's good conduct and military achievements in reaching its decision to separate him from service.  Plaintiff relies on *Crane v. Secretary of the Army* to support his assertion.

In *Crane* the Army began separation proceedings against the plaintiff for his "[f]ailure to conform to prescribed standards of dress, personal appearance, and military deportment."  92 F. Supp. 2d 155, 158 (W.D.N.Y. 2000).  The issue of plaintiff's separation went before a Board of Inquiry (BOI).  After a hearing the BOI recommended the plaintiff to "be separated from the Army in accordance with AR 635-100 for failing to meet the standards of dress, personal appearance, and military deportment."  *Id*. at 160.  Specifically, the BOI found the plaintiff had "not complied with the prescribed standards of dress, personal appearance, and military deportment, in that he did not possess and maintain military bearing and appearance as evidenced by testimonial and documentary" evidence.  *Id*.  The BOI's decision "was forwarded through the chain of command to the United States Total Army Personnel Command" (PERSCOM).  PERSCOM recommended the plaintiff to "be separated for substandard performance, specifically, for his failure to conform to prescribed standards of dress, personal appearance, and military

deportment." *Id.* Ultimately the Secretary of the Army approved the plaintiff's involuntary discharge, "but not on the ground that the BOI and PERSCOM had recommended. Rather than granting the separation on the ground that [the plaintiff] failed to comply with AR 635-100, pertaining to military dress and deportment, the Secretary approved separation on the ground that [the plaintiff] failed to comply with Army weight standards under 600-9." *Id.* The plaintiff brought an action under the APA in federal district court against the Secretary of the Army in which the plaintiff alleged his discharge was arbitrary and capricious. The court concluded the Army's decision to discharge the plaintiff was arbitrary and capricious and noted the defendant failed to follow its own procedures and regulations in reaching its decision. The court also noted the BOI's decision to discharge the plaintiff "was based on only three pieces of evidence, each of which ha[d] been called into question by other evidence in the administrative record." *Id.* at 165. The court found the BOI's decision was actually "supported by only two out of more than one hundred documents in the Administrative Record and the testimony of one out of more than ten witnesses." *Id.*

This matter is distinguishable from *Crane*. Here it is undisputed that Plaintiff was convicted of molesting a child between the ages of 12 and 14. In addition, every level of review that recommended Plaintiff's separation did so for the

same reason and based on the same regulation.  Moreover, unlike
in *Crane*, Plaintiff's Brigade Commander and Commanding General
recommended separation.  Finally, the Army did not fail to follow
its own polices or procedures in reaching its decision to
separate Plaintiff.

In addition, contrary to Plaintiff's assertion that the
Army failed to consider properly or to weigh his service and
contributions, both the ADRC and the ABCMR explicitly recognized
Plaintiff's military service and contributions.  The record
reflects Plaintiff's counsel submitted to the ADRC and ABCMR
numerous certificates and awards garnered by Plaintiff after 2006
and those bodies considered such evidence when reaching their
decisions.  The ADRB weighed Plaintiff's record against the
seriousness of his crime and "grant[ed] full relief in the form
of an upgrade of characterization of service to honorable" based
on Plaintiff's record.  AR000301.  The ADRB, however, also
concluded "the reason for the discharge was proper and equitable"
and, therefore declined to change it to retirement from
separation.  AR000301.  ABCMR also weighed Plaintiff's record
against the seriousness of his crime and adopted the ADRB's
recommendation.  As noted, the ABCMR explained it was
"sympathetic to [Plaintiff's] situation since he was likely
motivated by the prospect of a military retirement when he
decided during the latter years of his military career to remain

in the Army," but the ABCMR also found

> much of [Plaintiff']s predicament is due to his
> own misbehavior.  It is indisputable that
> [Plaintiff] was convicted of a serious sex
> offense.  Such misconduct by service members in
> turn forces government officials, such as the
> Secretary of the Army, to make difficult
> decisions. . . .  Had he not engaged in serious
> misconduct (misconduct which involved a child
> victim) [Plaintiff] would not be in the situation
> he is.

AR000034.  The ABCMR also considered the fact that individuals

such as Plaintiff who had been convicted of sex offenses are no

longer eligible for assignment or deployment outside of the

continental United States under Army Regulation 635-200.

Under the APA, however, this Court is "not empowered to

substitute its judgment for that of the agency."  *Volpe*, 401 U.S.

at 416.  The Ninth Circuit has made clear that "[r]eview under

the arbitrary and capricious standard is narrow — a court will

not substitute its judgment for that of the agency."  *See also*

*Ctr. for Bio. Diversity v. Bureau of Land Mgmt.*, 833 F.3d 1136,

1150 (9th Cir. 2016).

In light of the Court's narrow jurisdiction to review

the Army's decision herein, the Court concludes on this record

that the Army's decision to separate Plaintiff was properly

supported by evidence in the record and within the parameters of

the Army's discretion.

In summary, the Court concludes Plaintiff has not

established Defendant's decision was arbitrary and capricious in

30 - OPINION AND ORDER

violation of the APA.  Accordingly, the Court grants Defendant's Cross-Motion for Summary Judgment and denies Plaintiff's Motion for Judgment on the Administrative Record as to Plaintiff's APA claim.

**III. Plaintiff's Mandamus Claim**

Plaintiff also brings a claim for mandamus relief pursuant to 28 U.S.C. § 1361 based on the same facts and arguments.

As noted, the Ninth Circuit has held "[f]or mandamus relief, three elements must be satisfied:  (1) the plaintiff's claim is clear and certain; (2) the [defendant official's] duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003).  The trial court retains discretion in ordering mandamus relief, however, even if all elements are satisfied." *Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 505 (9th Cir. 1997).

Defendant contends in its Cross-Motion for Summary Judgment that Plaintiff's mandamus claim is not viable because he has an adequate remedy available under the APA and the Secretary of the Army does not have any nondiscretionary, ministerial, and plainly prescribed duty to retain Plaintiff in active service until he reaches retirement.  Plaintiff does not respond to Defendant's assertions.

The Ninth Circuit has recognized "mandamus relief and relief

under the APA are 'in essence' the same," and it has "elected to analyze [a mandamus] claim under the APA [when] there is an adequate remedy under the APA." *R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 (9th Cir. 1997)(citations omitted). *See also Taiebat v. Scialabba*, No. 17-cv-0805-PJH, 2017 WL 747460, at *4 (N.D. Cal. Feb. 27, 2017)("Relief under the mandamus act and the APA are virtually equivalent when a petitioner seeks to compel an agency to act on a nondiscretionary duty")(citing *Independence Mining Co.*, 105 F.3d at 507).

Here Plaintiff's mandamus claim duplicates his claim under the APA. In the exercise of its discretion, the Court, therefore, grants Defendant's Motion for Summary Judgment on Plaintiff's mandamus claim on the ground that Plaintiff has an adequate remedy available under the APA.


**<u>CONCLUSION</u>**

For these reasons, the Court **DENIES** Plaintiff's Motion (#58) for Judgment on the Administrative Record and **GRANTS** Defendant's

Cross-Motion (#61) for Summary Judgment.

IT IS SO ORDERED.

DATED this 15th day of November, 2018.


                                    /s/ Anna J. Brown

                              _____
                              ANNA J. BROWN
                              United States Senior District Judge